UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION
CIVIL ACTION NO. 5:09CV115-J

DIANA LYNN PAGE                                                                            PLAINTIFF

v.

MICHAEL J. ASTRUE,
Commissioner of Social Security                                                          DEFENDANT

## MEMORANDUM OPINION AND ORDER

Before the Court is claimant Diana Lynn Page's Complaint seeking judicial review of the decision rendered by the Commissioner of Social Security denying her claim for disability insurance benefits ("DIB"). After examining the administrative record, the arguments of the parties, and the applicable authorities, the Court is of the opinion that the decision is supported by substantial evidence and should be upheld.

PROCEDURAL HISTORY

Plaintiff filed an application for disability benefits on October 25, 2005, almost six years after her insured status expired on December 31, 1999. She alleged that she became disabled two years earlier on January 1, 1997 at age 50 as a result of arthritis, degenerative disc disease, bulging disc, severe headaches, neck and back problems, high blood pressure, knee and ankle problems, IBS, acid reflux, hernia, panic attacks, depression, insomnia and cataracts (Tr. 100). Her previous work includes serving as bookkeeper/secretary for her husband's dozer business (Tr. 101). Following a hearing at which the claimant, her husband, and a vocational expert offered testimony, Administrative Law Judge Kathleen Thomas ("ALJ") found that the claimant suffers from severe impairments of degenerative joint disease with chronic pain and bursitis with left elbow surgery in

1996 and left knee arthroscopy in 1999. The ALJ found that these conditions limited the claimant to some degree during the insured period. Nonetheless, she found that claimant remained capable of performing work at the medium exertional level prior to the expiration of her insured status:

> After careful consideration of the entire record, the undersigned finds that, through the date last insured, the claimant had the residual functional capacity to perform medium work. She could lift and carry 50 pounds occasionally and 25 pounds frequently. She could sit, stand, and walk about six hours each in an eight-hour workday. Pushing and pulling were unlimited other than weight restrictions as noted. She had no postural, manipulative, or environmental limitations. (Tr. 13)

Plaintiff appeals from this unfavorable decision.

## STANDARD OF REVIEW

The task of this Court on appellate review is to determine whether the administrative proceedings were flawed by an error of law, and to determine whether substantial evidence supports the decision of the Commissioner, 42 U.S.C. §405(g); Elam ex. Rel. Golay, v. Commissioner, 348 F.3d 124, 125 (6th Cir. 2003). Where the Commissioner's decision is supported by substantial evidence, the reviewing court must affirm, Studaway v. Secretary of HHS, 815 F.2d 1074, 1076 (6th Cir. 1987). Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion, Kirk v. Secretary of HHS, 667 F.2d 524 (6th Cir. 1981); Jones v. Secretary of HHS, 945 F.2d 1365 (6th Cir. 1991).

The substantiality of the evidence is to be determined based upon a review of the record taken as a whole, not simply some evidence, but rather the entirety of the record to include those portions that detract from its weight, Garner v. Heckler, 745 F.2d 383, 387 (6th Cir. 1984). So long as the decision of the Commissioner is supported by substantial evidence, it must be upheld by the court even thought the record might support a contrary conclusion, Smith v. Secretary of HHS, 893 F.2d

106, 108 (6th Cir. 1989). The substantial evidence standard "presupposes that there is a zone of choice within which decision makers can go either way, without interference from the courts," Mullen v. Bowen, 800 F.2d 535, 545 (6th Cir. 1986) (*en banc*).

## ANALYSIS

Claimant argues that the ALJ erred by 1) improperly applying the treating physician rule and 2) failing to properly evaluate the claimant's severe mental impairment. The Court will consider these arguments in reverse order.

At Step Two of the sequential evaluation process, the ALJ found that the claimant suffers from severe impairments of degenerative joint disease with chronic pain and bursitis with left elbow surgery in 1996 and left knee arthroscopy in 1999. The ALJ analyzed the claimant's allegations of disabling depression and anxiety, but declined to find a mental impairment. The evidence during the relevant time period of January 1, 1997 and December 31, 1999 revealed that the claimant had been prescribed Xanax and Paxil by her primary care physician, and that she had been treated in the ER on one occasion after taking two sleeping pills, a Paxil, and drinking a fifth of vodka. The claimant denied that this was a suicidal gesture. She was not seen for mental health treatment, and only began seeing Dr. Monette for depression and anxiety in May of 2000. There was no record of ongoing mental health treatment, even after her date last insured. Plaintiff has simply failed to provide objective medical evidence of a severe mental impairment before December 31, 1999, her date last insured. The Court has thoroughly reviewed the evidence of record, and finds that the ALJ's conclusion of no severe mental impairment at Step Two is proper and comports with applicable law.

The claimant's second argument involves the ALJ's treatment of the disabling opinions of her treating orthopedic surgeon, Dr. Eugene Gulish. Dr. Gulish provided an assessment form dated August 5, 2006 wherein he limits claimant to lifting less than ten pounds, standing/walking less than two hours in an eight hour workday, and sitting to less than six hours in an eight hour work day, with the need to alternate sitting and standing (Tr. 349-352). Dr. Gulish later provided a letter indicating that these limitations would date back to 1999 and before, which the ALJ considered in her decision (though not a part of the record, a copy of this letter was provided to this Court by claimant).

The claimant argues that the ALJ erred in failing to give controlling weight to the disabling opinions of claimant's treating physician, Dr. Gulish. This argument involves application of what is commonly known as the treating physician rule. The courts have long held that the treating physician – especially one who has seen the patient over a period of time -- is in a unique position to evaluate the functional impact of an impairment on her or his patient, and the law recognizes the importance of that point of view by according deference to the opinions of treating physicians. In Wilson v. Commissioner, 378 F.3d 541 (6th Cir. 2004), the court again confirmed the weight ordinarily due the opinion of a treating physician. Wilson also underlined the fact that the courts are bound to hold the Commissioner to the requirements of 20 C.F.R. Section 404.1527(d)(2), which calls for the ALJ to state clear reasons for rejecting or for limiting the weight given the opinion of a treating physician. See also Soc.Sec.Rul. 96-2p.

A treating physician's opinion, if uncontradicted, should be given complete deference. See, e.g., Walker v. Secretary of Health & Human Servs., 980 F.2d 1066, 1070 (6th Cir.1992). A treating physician's opinion is entitled to controlling weight if the Commissioner finds "that a treating source's opinion on the issue(s) of the nature and severity of your impairment(s) is

4

well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with other substantial evidence in [the] case record."  20 C.F.R. S 404.1527(d)(2)(1999).  In other words, the opinion of a treating physician need not be given *controlling* weight unless supported by clinical or diagnostic findings. See Walters v. Commissioner of Social Security, 127 F.3d 525, 530 (6th Cir.1997);  Bogle v. Sullivan, 998 F.2d 342, 347 (6th Cir.1993); Kirk v. Heckler, 742 F.2d 968, 973 (6th Cir.1984).  However, "in all cases there remains a presumption, albeit a rebuttable one, that the opinion of a treating physician is entitled to great deference," even if that opinion does not qualify for *controlling* weight.  Rogers v. Commissioner of Social Security, 486 F.3d 234, 242 (6th Cir. 2007).

The ALJ discusses Dr. Gulish's treatment records, report and subsequent letter in her decision, and explains why she chose to give it little weight at Tr. 16-17:

> The undersigned has carefully considered the opinion of Dr. Gulish dated August 5, 2006, which he relates back to 1999 and before.  However, the undersigned does not find objective medical evidence prior to December 31, 1999 from Dr. Gulish that would support such limitations.  Evidence indicates that the claimant saw Dr. Gulish very sporadically during 1997 and 1998, and none of the treatment notes prior to December 31, 1999, indicate an opinion that the claimant was disabled or had such limitations to preclude a wide range of work.  The undersigned finds in [sic] impossible to relate the assessment of August 5, 2006, back to 1999 based upon the medical evidence of record.  Undoubtedly Dr. Gulish's opinion of August 5, 2006, does credibly reflect the claimant's condition at that time, but it's [sic] relevance some 7 - 9 1/2 years earlier is not persuasive.  Thus, Dr. Gulish's opinion cannot be given controlling or significant weight.  In reaching the claimant's residual functional capacity the undersigned accepts the credible and persuasive opinion of the State Agency program physicians noting that Social Security Regulation 20 CFR 404.1527 provides that "state agency physicians are highly qualified physicians who are also experts in Social Security disability evaluation."  The undersigned finds that the State Agency physicians have produced the most credible assessment of the claimant's residual functional capacity and is persuaded to accept it.

The ALJ's decision to reject Dr. Gulish's disabling assessment, particularly its application back to 1999 and earlier, is supported by substantial evidence in the record. More accurately, the ALJ's decision is supported by the lack of evidence of a disabling condition during the period of January 1, 1997 and December 31, 1999. This position is supported by the fact that the claimant's treatment with Dr. Gulish during this time period was sporadic, and records reflect excellent pain relief with injections (Tr. 391). The records include advice for plaintiff to increase her activities (Tr. 390) and note the claimant's ability to stay on her feet all day despite having recently undergone left knee surgery (Tr. 385). It appears from the medical records that claimant was able to continue working during the relevant time period with the assistance of conservative therapy and pain medications (Tr. 216, 383, 384). In sum, the ALJ's rejection of the disabling opinions of Dr. Gulish is supported by substantial evidence and will not be disturbed by this Court.

## CONCLUSION

The Court finds that the ALJ properly performed the duty of trier of fact in resolving conflicts in the evidence. See Richardson v. Perales, 402 U.S. 389, 399, 91 S.Ct. 1420, 28 L.Ed.2d 842 (1971). Accordingly, for the reasons stated,

IT IS ORDERED: 1) the decision of the Commissioner is found to be supported by substantial evidence and is hereby AFFIRMED. 2) A Judgment in conformity with this Memorandum Opinion has this day entered.